**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

In re MARTHA P. TURNER,   )   Case No. 04-63872
                          )
         Debtor.          )
                          )

## MEMORANDUM AND ORDER

This matter comes before the court on the trustee's objection to the debtor's claim of exemption in the funds in a bank account. On October 14, 2004, the debtor filed a chapter 7 bankruptcy petition. The debtor scheduled two bank accounts with First Citizens Bank, one with a balance of $781.00 and one with a balance of $1,000.00. The debtor claimed each account exempt in its full amount. The account numbers are not provided on the debtor's schedules. At the hearing on this matter, counsel for the debtor referred to $780.91 as representing the amount in the account in controversy. The debtor's bank statement indicates that there was $4,481.84 in that account on the date of petition.

On December 28, 2004, the chapter 7 trustee filed an objection to the debtor's claim of

exemption in a "Checking Account Balance as of Date of Filing Ch. 7" on the grounds that the "Debtors [sic] have not exempted the entire checking account balance on their homestead deed." As noted, it is clear from the discussion at the hearing on this matter that the account in question is the account with a balance of $780.91. The objection does not assert what portion of that checking account is not properly exempted from the bankruptcy estate.

On January 7, 2005, the debtor responded to the objection asserting that she exempted the net amount of her checking account at the time of the filing in the amount of $781.00. The debtor asserts that the difference between the $781.00 and the $4,481.84, or some part thereof, consists of checks that she delivered to creditors pre-petition which the bank honored post-petition. She also argues that it would constitute a felony for the debtor to claim exempt funds for checks that have been drafted and delivered but not presented.

The commencement of a case under title 11 of the United States Code, the bankruptcy code, creates an estate that is comprised, among other things, of all legal and equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 362(a)(1). The issue then becomes, when are funds in a checking account no longer property of the debtor? In the absence of any controlling federal law, "property" and "interests in property" are creatures of state law. Butner v. United States, 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law"). No transfer of a claim based on a delivered check occurs until the bank honors the check. Barnhill v. Johnson, 503 U.S. 393, 399, 112 S.Ct. 1386 (1992) (Considering, under the Uniform Commercial Code, when a transfer occurs for purposes of determining whether a preferential transfer occurred before or after the 90-day reach-back period began.)

The Supreme Court reasoned as follows.

> A person with an account at a bank enjoys a claim against the bank for funds in an amount equal to the account balance.   Under the U.C.C., a check is simply an order to the drawee bank to pay the sum stated, signed by the maker and payable on demand. U.C.C. §§ 3-104(1), (2)(b), 2 U.L.A. 224 (1991).   Receipt of a check does not, however, give the recipient a right against the bank.   The recipient may present the check, but, if the drawee bank refuses to honor it, the recipient has no recourse against the drawee. § 3-409(1), 2A U.L.A. 189 (1991). [Footnote 6, which states: "A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it."][1]

Barnhill, 503 U.S. at 398, 112 S.Ct. at 1389.  So the funds against which the debtor drew checks remained property of the debtor until the checks were presented and honored by the drawee bank.  Presentment and honor occurred after the debtor filed her petition.  Thus the funds in the account in question, $4,481.84, were property of the estate on the date of petition.

The debtor provides no legal basis for the argument that it would constitute a felony for her to claim exempt funds for checks that have been drafted and forwarded but not presented. Nor can the court think of one.  The debtor could claim the funds exempt because they were still property of the debtor on the date of petition.  She may have committed a crime if she had intended, at the time she drafted them, to stop payment on the checks.  But that crime would have nothing to do with whether the debtor claimed the funds exempt.  Even if the funds were not property of the estate on the date of petition, it would not have been a crime to claim them exempt.  It would have been an act of no legal consequence, but it would not have been a crime.

The debtor may exempt the funds she has not yet exempted in an amount equal to any

---

[1] Barnhill is a case decided under the laws of New Mexico.  The Supreme Court based its decision on the Uniform Commercial Code which had been adopted by New Mexico in a form substantively the same as the Uniform Commercial Code.  Virginia has also enacted law substantively the same as the Uniform Commercial Code.  Most critically, see Va. Code § 8.3A-408 which provides that "[a] check or other draft does not of itself operate as an assignment of funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until the drawee accepts it."

unused amount available under Virginia Code § 34-4.  Any such exemption shall be filed within 7 days of the date of the entry of this order on docket.  The debtor shall turn any non-exempt balance ($4,481.84 less the total amount claimed exempt) over to the chapter 7 trustee.

So ORDERED.

Upon entry of this Order the Clerk shall forward a copy to Michael P. Regan, Esq., counsel for the debtor, and Evelyn K. Krippendorf, Esq., the chapter 7 trustee.

Entered on this  7th  day of June, 2005.

_____
William E. Anderson
United States Bankruptcy Judge